UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE BONNER

        Plaintiff,

v.

FAMILY INDEPENDENCE AGENCY,
WILLIE ANDERSON, and LINDA
ROBINSON,

        Defendants.

_____/

Case No. 04-74574

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
PAUL J. KOMIVES

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DE 21],
DENYING PLAINTIFF'S REQUEST FOR GRAND JURY INVESTIGATION [DE 24, 25]**

## I. INTRODUCTION

Before the Court is Defendants' motion for summary judgment [DE 17], which was filed on July 21, 2005.  In their motion, Defendants argue that Plaintiff's only federal claim, for violation of the Family Medical Leave Act, should be dismissed because it was not filed within the statutory limitations period.  Plaintiff did not file a response to Defendants' motion.

On October 20, 2005, the Court filed an order granting Plaintiff leave to amend her complaint to include any allegations of willful violations of the Family Medical Leave Act.  On November 18, 2005, Plaintiff filed a document titled, "Request for Grand Jury Investigation–Violation of Plaintiff's Rights Under the United States Constitution by the U.S. District Court and Reply to Order Granting Plaintiff Leave to Amend Complaint." [DE 24].

The Court has determined that the issues presented in the pleadings are appropriate for decision without oral argument.  For the reasons that follow, Defendant's motion for summary judgment [DE 17] is GRANTED, and Plaintiff's Request [DE 24, 25] is DENIED.

Bonner v. FIA, et al.<br>04-74574

## II.  PROCEDURAL HISTORY

On November 21, 2004, Plaintiff contacted her former counsel for legal advice.  Counsel urged Plaintiff to bring all documentation to its office, as the statute of limitations was to expire that day.  *See Opinion and Order Granting Plaintiff's Counsel's Motion to Withdraw* at 1 [DE 14].

On November 22, 2004, Plaintiff, through counsel, filed a complaint against Defendants.  *Id*. at 2. The complaint alleged a violation of the FMLA.  *Id*.

On December 29, 2004, Plaintiff, through counsel, filed an amended complaint.  Plaintiff's amended complaint alleges a violation of the FMLA as well as wrongful discharge in violation of public policy, breach of contract, and violation of Michigan's Bullard-Plawecki Employee Right to Know Act.  *Id.*

On February 16, 2005, Plaintiff sent a letter to the Court, in which she claimed that a timekeeper for Defendant FIA had to be named in her complaint.  *Id*.  She also argued that "all language of FMLA leave and all language involving the UAW MUST be completely removed from th[e] complaint so that [her] rights to file separate complaints at a later date will be protected."  *Id*.  As to the representation of her counsel, she stated:

> Unless MC CALL AND TRAINOR complies with ALL of my wishes and amends this complaint by February 21, 2005 or sooner based on the court's rules, I will be forced to seek other legal representation.  If necessary, I pray that this court will give me adequate time to find a replacement for MC CALL AND TRAINOR.

*Id.* at 2-3.

On March 8, 2005, Plaintiff's counsel filed a motion to withdraw.  The Court referred the motion to Magistrate Judge Komives for hearing and determination.  On March 22, 2005, Plaintiff filed a "Motion to den[y] Petitioners' Request to Withdraw as Counsel and to Motion

Bonner v. FIA, et al.
04-74574

this Honorable Court to Examine Petitioner's Motives in Omitting Key Information and Key Evidence in Plaintiff's Complaint and Amended Complaint." The Magistrate Judge construed this document as a response to counsel's motion to withdraw. *Id*. at 3.

On March 29, 2005, Plaintiff filed an "Amended Motion to den[y] Petitioner's Request to Withdraw and Examine Petitioner's Motives in Omitting Key Information and Key Evidence and Failure to Obtain Key Information and Evidence before Filing Plaintiff's Amended Complaint." The Magistrate Judge construed this filing as an amended response to counsel's motion to withdraw.

On April 11, 2005, Magistrate Judge Komives filed an opinion and order granting counsel's motion to withdraw. The Magistrate Judge rejected Plaintiff's arguments that her attorneys had intentionally violated her "right[s] under the Freedom of Information Act and the Bullard-Plawecki Right to Know Act and Democracy under the United States Constitution."

The Magistrate Judge also rejected Plaintiff's argument that she should be granted an extension of time in which to provide additional exhibits to the Court and leave to file a second amended complaint. In Footnote 4, the Magistrate Judge's Order stated:

> Any such request should be addressed by a motion to amend, with a copy of proposed amended complaint. Such a motion may be filed by plaintiff (if she is representing herself) or by alternate counsel.

*Id.* at 5-6 fn. 4.

The Magistrate Judge granted counsel's motion to withdraw. However, in light of Plaintiff's claim that she was unable to afford counsel, the Magistrate Judge also referred her case to the Michigan Trial Lawyers Association(MTLA) and the Detroit Metropolitan Bar Association (DMBA) for possible assignment of *pro bono* counsel. The Magistrate Judge's

Bonner v. FIA, et al.
04-74574

Order stayed all proceedings 60 days so that Plaintiff could obtain counsel.[1]

On May 6, 2005, Plaintiff filed an appeal in the Court of Appeals for the Sixth Circuit. Plaintiff's appeal addressed the Magistrate Judge's granting of counsel's motion to withdraw. On June 3, 2005, Plaintiff filed "Emergency Motion to Withdraw Notice of Appeal and Replace With 'Motion Objecting to Order Dated, April 11, 2005, TAINTED by Magistrate's PREJUDICE."

On June 20, 2005, this court filed an order granting in part Plaintiff's motion to withdraw notice of appeal, construing Plaintiff's notice of appeal as objections to the Magistrate Judge's order, and denying those objections.

On July 21, 2005, Defendants filed a motion for summary judgment. Defendants argue that Plaintiff's FMLA claim is barred by the applicable statute of limitations and that the Court should decline to exercise its supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff did not file a timely response to Defendant's motion for summary judgment. The issue presented by Defendant's summary judgment motion was whether or not Plaintiff's complaint complied with the applicable statute of limitations. If Plaintiff alleged a non-willful violation of the FMLA, then her claims were clearly time barred under the applicable two year limitations period. However, if Plaintiff were to allege a willful violation of the FMLA, then there would possibly be a factual question as to whether or not her complaint was timely filed under the applicable three-year limitations period. Plaintiff's amended complaint did not expressly allege a willful violation of the FMLA.

---

[1] In June of 2005, the *pro bono* panel found an attorney to review Plaintiff's case. After meeting with Plaintiff and reviewing the case, the attorney declined to represent Plaintiff. Plaintiff now alleges that this attorney "sat on [her] case for two months and then said he could not represent her." *Request* at 2 [DE 24]. However, an attorney contacted by the pro bono panel for the purpose of reviewing a case for possible representation is under no obligation to take the case. Therefore, counsel's decision to decline representation did not violate Plaintiff's rights.

Bonner v. FIA, et al.
04-74574

On October 20, 2005, the Court filed an order granting Plaintiff leave to amend her complaint. The Court's order stated:

> No discovery has occurred to develop the factual context for Plaintiff's allegations. At this stage of the case, the Court cannot determine whether or not Plaintiff will be able to plead and support a claim for willful violation of the FMLA. It is up to the Plaintiff to decide whether or not her complaint should be amended.

Order at 2 [DE 23].

Plaintiff did not file an amended complaint to allege a willful violation of the FMLA. Rather, on November 18, 2005, Plaintiff filed a "Request for Grand Jury Investigation–Violation of Plaintiff's Rights Under the United States Constitution by the U.S. District Court and Reply to Order Granting Plaintiff Leave to Amend Complaint." [DE 24].

Plaintiff's November 18, 2005 pleading makes the following arguments:

- Plaintiff requested a hearing in this Court to address "the erroneous FMLA complaint" filed by her former counsel, but this request was denied;

- Plaintiff provided documentation to the Court to show Defendants converted her dismissal from work to a twelve week FMLA leave;

- Plaintiff provided the Court with "another certified document, 'notice of discipline,' signed by Defendant," which informed Plaintiff she was being dismissed from state service for violation of work rules;

- Pro bono counsel reviewed Plaintiff's case, but "sat on Plaintiff's case for two months and then said he could not represent the plaintiff;"

- "Plaintiff has been consistently violated by attorneys in Michigan and Plaintiff has been violated by the U.S. District Court by being denied a right to a hearing and by allowing the erroneous FMLA complaint to

>       represent plaintiff's wishes and the truth.  This case represents a 'Federal' whistleblower cover-up; this case of actual or attempted falsification of records or reports represents social security fraud in the State of Michigan and possibly the State of Chicago."

- The United States Constitution guarantees every citizen a right to an attorney and a trial and everyone is presumed innocent until proven guilty. The Plaintiff has had 11 years of employment wrongfully taken."

Plaintiff also attached several exhibits to her November 18, 2005 Request.  These exhibits include: (1) a November 21, 2001 letter confirming Plaintiff's dismissal for misconduct; (2) a November 21, 2001 notice of disciplinary conference to discuss charges of misconduct; (3) a November 21, 2001 notice of discipline and dismissal and notifying Plaintiff that she had the right to grieve her dismissal; (4) a third step grievance answer denying Plaintiff's grievance; (5) an invoice showing a remittance in the amount of $119.87 from Defendant FIA to Plaintiff; and (6) a June 29, 2005 letter from an attorney stating that he would not represent Plaintiff.

Finally, on December 5, 2005, Plaintiff filed an "'Emergency' Amended Reply to Order Granting Plaintiff Leave to Amend Complaint & Request for Grand Jury Investigation Due to U.S. District Court's Violating Plaintiff's Rights Under U.S. Constitution." [DE 25].

Plaintiff's December 5, 2005 pleading repeats numerous factual allegations that have been made throughout this case.  As to the legal bases for her complaint, Plaintiff argues:

>   Plaintiff was shown nothing to justify the plaintiff's dismissal on November 21, 2001.  Therefore, the UAW CONSPIRED with the defendants to violated [sic] plaintiff's rights under the United States Constitution as they relate to innocent until proven guilty and fraud.

Emergency Amended Reply at 9 [DE 25].

In addition, Plaintiff argues that Defendants corrected the error in her time sheets, which

Bonner v. FIA, et al.
04-74574

proves that she never falsified documents and was wrongfully discharged:

> This correction certified Defendant, Linda Robinson changed plaintiff's timesheet back to 80 hours after the plaintiff's timesheet was processed for only 71.4 hours[.] This certification confirmed the defendants, Linda Robinson, Willie Anderson and the Family Indpendence Agency knew plaintiff never falsified her timesheet. The UAW Local 6000 conspired with the defendants to violate the United States Constitution by refusing to take plaintiff to arbitration.

*Id*. at 10.

As to a period of FMLA leave that Plaintiff took in 1997, her December 5, 2005 pleading states:

> UAW Local 600 conspired with the defendants, FIA, Linda Robinson and Willie Anderson to change plaintiff's discharge to a FMLA/Resignation. Without attending any conference days, later, over the phone the defendant, FIA and the UAW Local 6000 offered to change plaintiff's discharge to a FMLA/Resignation. Plaintiff refused the offer.

*Id.* at 11.

Plaintiff argues that she was terminated because she refused to cooperate in social security fraud in October of 2000, which she claims was perpetrated by Defendant Anderson, using Plaintiff's computer:

> Days after plaintiff received the offer to change discharge to FMLA, plaintiff obtained documentation under the Freedom of Information Act that confirmed plaintiff's discharged [sic] was linked to social security cover up between the State of Michigan and the State of Chicago [sic].

*Id.* at 11.

Plaintiff also alleges that the Michigan Attorney General has violated her constitutional rights:

> The Office of the Attorney General is obligated under the UAW Contract, ARTICLE 35, Section H, to represent the plaintiff given the facts of this case. Therefore the office of Mike Cox Attorney General has knowingly violated the plaintiff's rights under the United States Constitution.

Bonner v. FIA, et al.
04-74574

*Id*. at 19.

Plaintiff argues that she is constitutionally entitled to counsel and a trial to prove her innocence:

> Plaintiff has contacted over 30 attorneys in Michigan to take the case and all have refused. Palintiff rights under the United States Constitution will remain violated unless this case is addressed. The U.S. Constitution States, every citizen is presumed innocent until proven guilty, every citizen is entitled to a trial and every citizen is entitled to an attorney. The U.S. District Court has been given documentation mention in this document to show this case was erroneously filed to obstruct justice.

*Id*. at 19.

Most importantly, as to the terms of the Court's October 20, 2005 Order, Plaintiff's December 5 pleading states:

> According to plaintiff's 4 attorneys, plaintiff was "discharged" after attempting to exercise rights under the Family Medical Leave Act. Nothing in Plaintiff's complaint filed on November 22, 2004 or the amended complaint filed on December 30, 2004 mentioned "Willful" violations, of which the statute of limitations is 3 years. 29 U.S.C. § 2617(c)(2). On October 20, 2005, plaintiff received a ORDER stating the court cannot determine whether or not plaintiff will be able to plead and support a claim for willful violation of the FMLA and that it is up to the plaintiff to decide whether or not her complaint should be amended...This case is erroneous therefore, plaintiff would like this court to address this issue only.
>
> The Michigan U.S. District Court has received a copy of documentation plaintiff received on November 21, 2001. Therefore, the Michigan U.S. District Court is fully aware of the fact that the defendant the Family Independence Agency "criminally" changed plaintiff's discharge of Actual or Attempted Falsification of Records or Report on June 24, 2002 to FMLA/Resignation. The erroneous FMLA complaint filed on November 22, 2004 represents a conspiracy between the defendant, Family Independence Agency, the UAW, and Plaintiff's 4 Michigan attorneys to cover up social security fraud that involves changing the hire dated of state employees. This complaint is designed to cover up the fact plaintiff was assigned a fraudulent user ID number on October 16, 2000. This case covers up the fact that defendant Willie Anderson worked under plaintiff's user ID 522290 and forced plaintiff to use passwords that were created by

Bonner v. FIA, et al.
04-74574

> defendants, Linda Robinson and Willie Anderson to create fraudulent social security files. This erroneous [FMLA] case is designed to cover up the fact, plaintiff's entire personnel file was expunged in 1997.
>
> * * *
>
> ...Defendant, Family Independence Agency has criminally changed plaintiff's discharge to a FMLA/Resignation and Order Granting plaintiff leave to Amend Complaint does not address the fact that this is an erroneous FMLA case. Further this Order granting Plaitniff Leave to Amend Complaint does not address the issued [sic] of "Wrongful Discharge," change to FMLA. In closing, the erroneous complaint was filed in the U.S. district Court on November 22, 2004 was for "wrongful Discharge." Today, this complaint does not address the issue of wrongful discharge. The issue of wrongful discharge has been fraudulently omitted

*Id.* at 14-15.

Based on Plaintiff's allegation that her FMLA complaint was filed in order to cover up social security fraud, her December 5, 2005 pleading requests a grand jury investigation.

### III.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P 56(c). The moving party bears the initial responsibility of demonstrating that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323; 106 S.Ct. 2548; 91 L.Ed. 2d 265 (1986). Material facts are determined by the substantive law in the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). All inferences must be made in a light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in

Bonner v. FIA, et al.<br>04-74574

support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421(6th Cir. 1998), *citing Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied*, 498 U.S. 867 (1990).  In *Scheuer v. Rhodes*, the Supreme Court described the test as follows:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The Court should liberally construe the complaints of *pro se* plaintiffs and should not hold such complaints to the same stringent standard as formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520; 92 S.Ct. 594; 30 L.Ed.652 (1972).  *Pro se* complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief.  *Hughes v. Rowe*, 449 U.S. 5, 10; 101 S.Ct. 173; 66 L.Ed. 163 (1980).  However, it is not the role of the court to guess the nature of the claims asserted.  *Wells v. Brown*, 891 F.2d 591, 594 (6thCir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Pursuant to the authorities discussed above, the Court has carefully reviewed Plaintiff's pleadings in order to determine whether or not she has adequately set forth a claim for intentional violation of the FMLA.

**IV.  DISCUSSION**

**A.  Plaintiff Did Not Amend Her Complaint**

10

Bonner v. FIA, et al.<br>
04-74574

Plaintiff's most recent pleading, dated December 5, 2005, makes it clear that she does not wish to pursue an FMLA claim.  Whatever Plaintiff's possible constitutional claims might be, the essence of her argument is that her attorneys conspired with Defendants and UAW Local 6000 to wrongfully file an FMLA complaint.  Therefore, it appears Plaintiff believes that she does not have a bona fide FMLA claim, and that the filing of any such claim was "erroneous."  *See* Emergency Amended Reply at 14-15 [DE 25].  This position is consistent with the one set forth in Plaintiff's February 16, 2005 letter to the court, which suggests that Plaintiff never wished to bring an FMLA claim.

Also, Plaintiff claims that this Court unlawfully "allowed the defendant, FIA to change this case to an erroneous FMLA complaint therefore violating plaintiff's rights under the United States Constitution."  *Id*. at 20.

### B.  Defendant's Motion for Summary Judgment

At this time, the Court is presented with Defendant's summary judgment motion, which argues that Plaintiff's complaint was not filed within the applicable limitations period.  The Court's order of October 20, 2005 offered Plaintiff an opportunity to amend her complaint to raise an allegation which would satisfy the statute of limitations.  Rather than amending her complaint to state a viable claim for willful violations of the FMLA, Plaintiff has submitted a request for a grand jury investigation [DE 24] and an emergency amended reply [DE 25].  Neither of these documents constitute an amended complaint which would satisfy the statute of limitations.  Therefore, Defendant's motion for summary judgment [DE 21] will be GRANTED as to Plaintiff's FMLA claim.

Defendant's motion for summary judgment also argues that Plaintiff's remaining state law claims should be dismissed because there is no longer an active controversy as to the FMLA claim.

11

Bonner v. FIA, et al.<br>04-74574

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if all claims over which it has original jurisdiction have been dismissed. In this case, the only basis for federal jurisdiction is Plaintiff's FMLA claim, which is time barred. Therefore, the Court lacks subject matter jurisdiction, and will decline to exercise its supplemental jurisdiction over Plaintiff's state law claims.

### C. New Claims Presented In Plaintiff's Pleadings

Plaintiff's claim that she was deprived of her constitutional right to counsel is without merit. Although Plaintiff claims that Defendants participated in "criminal" activities, this is a civil case. There is no constitutional right to counsel in a civil case. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003)

Plaintiff's claim that she is constitutionally entitled to a jury trial is also without merit because this Court lacks subject matter jurisdiction over Plaintiff's claims. "The court must find jurisdiction before determining the validity of a claim." *Gould, Inc. v. Pecniney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988); *citing Bell v. Hood*, 327 U.S. 678, 682; 66 S.Ct. 773, 776; 90 L.Ed. 939 (1946). The burden of proving jurisdiction is on the plaintiff. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Because Plaintiff has not established a basis for federal jurisdiction over her claims, her argument that the Court has infringed her Seventh Amendment right to a trial by jury must be rejected.

Plaintiff also argues that she has been deprived of her constitutional right to be presumed innocent until proven guilty. The presumption of innocence is "that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.'" *In re Winship*, 397 U.S. 358, 363, 90 S. Ct. 1068, 25 L.Ed. 368 (1970) (citation omitted).

In this case, there is no allegation against Plaintiff that she committed any criminal

Bonner v. FIA, et al.
04-74574

wrongdoing. Therefore, there is no basis for concluding that Plaintiff has suffered a violation of her right to the presumption of innocence merely because her employer terminated her employment for violation of work rules. The procedural protections of the presumption of innocence are simply inapplicable in this context.[2]

Finally, Plaintiff requests that the Court initiate a grand jury investigation as to her claims of social security fraud. This Court does not have the power to initiate a grand jury investigation. "[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). This court cannot initiate a grand jury investigation. Such decisions rest entirely with the executive branch, namely, the United States Attorney. Plaintiff may report her allegations to the United States Attorney if she wishes.

## V. CONCLUSION

---

[2]The Sixth Circuit has held, in an unpublished opinion, "[t]he standard 'presumption of innocence' equates to 'beyond a reasonable doubt' which is an unduly high and inappropriate standard in [ ] civil cases." *Damron v. Auto-Owners Ins. Co.*, 929 F.2d 700, 1991 WL 45348 (6th Cir. 1991) (unpublished) (quoting *Cuzco Precision Products, Inc. v. The Aetna Casualty and Surety Co.*, No. 82-1122 (6th Cir. July 6, 1983) (unpublished)).

Bonner v. FIA, et al.<br>04-74574

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment [DE 21] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request for grand jury investigation [DE 24, 25] is DENIED.

SO ORDERED.

                                          s/Arthur J. Tarnow
                                          Arthur J. Tarnow
                                          United States District Judge

Dated:  December 20, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 20, 2005, by electronic and/or ordinary mail.

                                          s/Theresa E. Taylor
                                          Case Manager